### KEARNS v. THE STATE.

If a penal bond, taken by the sheriff for the defendant's appearance to an indictment, show on its face that it was signed and sealed in the presence of the sheriff and approved of by him, it is good as a recognizance; and the defect in its form, if any, is cured by the statute.

The writing of *Octb.* for *October*, in a *scire facias*, to designate the time for appearance to the writ, cannot be assigned for error.

Two returns of "not found" to a *scire facias*, like two returns of *nihil*, are equivalent to service.

The rendering of judgment for the amount of a recognizance, at the time of de-   May Term,
claring the same forfeited, is mere surplusage and cannot be assigned for error.   1834.

KEARNS.
v.
THE STATE.

ERROR to the *Hendricks* Circuit Court.

BLACKFORD, J.—*Kearns* was indicted at the *October* term of   *Monday,*
the *Hendricks* Circuit Court, 1831, for adultery; and process on   *May 26.*
the indictment was issued against him. An endorsement on
the process required the sheriff to take bail, and to bind *Kearns*
and his surety in the sum of 100 dollars each, for *Kearns'* ap-
pearance, &c. The sheriff, upon serving the process, took from
*Kearns* and his surety an obligation as follows:—

"Know all men by these presents, that we *John Kearns* and
*Thomas Samuel*, are held and firmly bound unto the state of
*Indiana*, in the penal sum of 100 dollars each; for the true pay-
ment of which, well and truly to be made, we bind ourselves,
our heirs, &c., as witness our hands and seals, this 22d day of
*October*, 1831. The condition of the above obligation is such,
that should the above bound *John Kearns* personally be and
appear before the judges of the *Hendricks* Circuit Court, on the
first day of their next *April* term, to be holden at *Danville*, then
and there to answer unto the state of *Indiana*, on a certain
charge exhibited against him for living in adultery, and to such
other matters and things as may then and there be charged
against him, and not depart thence without leave of said Court,
then the above obligation to be void, otherwise to remain in
force. *John Kearns*, [L. S.]—*Thomas Samuel*, [L. S.] Signed
and sealed in my presence, and by me approved. *Tho. Nichols*,
Sheriff, H. C."

This obligation, together with the process, was returned to
the Court on the first day of the *April* term, 1832; and *Kearns*,
being then called, failed to appear; and *Samuel* being called to
bring *Kearns* into the Court, also made default. The Court
thereupon ordered, that the recognizance be forfeited; that the
state recover of *Kearns* and *Samuel*, severally, the amount of
the recognizance; and that several writs of *scire facias* issue
against the recognizors, to show cause why execution should
not issue against them for the amount of the said judgment.

In *September*, 1832, a *scire facias* issued, requiring the sheriff
to summon *Kearns* to appear before the judges of the *Hendricks*
Circuit Court, on the first day of their next *Octb.* term, to be
holden at the Court house in *Danville*, on the third Monday in

said month, to show cause, &c.   At the *October* term, 1832, this *scire facias* was returned, *not found*.   An *alias scire facias* was then issued, which was afterwards, at the *April* term, 1833, also returned, *not found*.   On the return of the *alias scire facias*, *Kearns* being called and failing to answer, the Court awarded execution against him for 100 dollars, which was the amount of the obligation, together with costs.

*Kearns*, the plaintiff in error, contends, that the obligation executed by him for his appearance to the indictment, is a penal bond and not a recognizance; and that therefore an action of debt, and not a *scire facias*, was the remedy for its forfeiture.   The provision of the statute under which this objection is taken, is as follows:—" It shall be the duty of the Circuit Court, to make an order fixing the amounts in which each person indicted shall be held to bail, and the clerks upon issuing process against such person, shall endorse upon the process, a memorandum of the said amount of bail required; and the sheriff, in taking security for the appearance of such indicted person, shall govern himself accordingly; and recognizances, for the appearance of any person accused of offences, taken and acknowledged before a proper officer, shall not be void for the want of form."   R. C. 1831, p. 197.   A recognizance is not usually signed or sealed by the cognizor.   It is witnessed by the record of the Court in which it is taken, or to which it is returned by the officer who takes it.   It is an obligation of record, entered into before some Court of record, or before some officer duly authorised, with a condition to do some particular act.   2 Bl. Comm. 341.   The obligation before us is in a certain penal sum, conditioned for *Kearns'* appearance at Court.   The only objection against its being a recognizance is, that it is signed and sealed by the party.   We do not conceive that the signature and seal can, of themselves, prevent this instrument from being considered a recognizance. To determine its character, we have only to inquire whether it has been duly acknowledged before the proper officer.   The sheriff, who was authorised to take the recognizance, certifies, on the face of the obligation, that it was signed and sealed in his presence, and approved of by him.   This certificate settles the question.   The obligation was duly acknowledged before the proper officer; and it cannot be a substantial objection to its character as a recognizance, that the acknowledgment was

made under the hand and seal of the party, instead of being only verbally made. The instrument is, in substance, a valid recognizance. If there be any defect in its form, that is cured by the statute under which it was taken.

It is also contended, that the *scire facias* states no time for the defendant's appearance to show cause. The sheriff is commanded, by the writ, to summon the defendant "to appear before the judges on the first day of their next *Octb.* term, to be holden on the third Monday in said month." It is said that *Octb.* expresses no particular month. This objection is too slight. The abbreviated word could not be mistaken. But strike it out and also the words "in said month," and the writ then requires the defendant's appearance at Court "on the first day of their next term," which is sufficiently explicit.

It is further objected, that two returns of "not found" to a *scire facias*, do not authorise the state to proceed as if the writ had been served. According to our statute, if the sheriff cannot find the defendant, he may return the *scire facias* "not found." R. C. 1831, p. 412. The return of "not found," therefore, is similar to that of *nihil*, and as, according to the books of practice, two returns of *nihil* are equivalent to a service, so must also, under the statute, be two returns of "not found." There is, besides, in the act relative to justices of the peace, an express provision that two returns of *nihil* or of "not found," shall be deemed equivalent to a service of the *scire facias*. It is probable, from the general mode of expression, that this provision was intended to be general, and not to be confined to writs of *scire facias* in the particular case mentioned in the section in which the provision is inserted. Rev. Code, 1831, p. 309.

The last objection of the plaintiff in error is, that the Court erred when, after declaring the recognizance forfeited, they gave judgment that the state should recover the amount mentioned in the recognizance. This objection is only as to a matter of form. The judgment rendered in this case, is nothing more than what is implied by the declaration of forfeiture. It is for the amount of the recognizance which was already declared forfeited, and may be considered merely as surplusage. A part of this judgment as it stands, is, that a *scire facias* should issue against the defendant, to show cause why execution should not issue for the amount; which is the

43

same proceeding that would have taken place, had the judgment complained of not been rendered.    There is nothing in the objection.

*Per Curiam.*—The judgment is affirmed with costs.

*W. W. Wick,* for the plaintiff.

*W. Herod,* for the state.