## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT CASSVILLE,

## MARCH TERM, 1848.

---

No. 36.—Augustus M. Park, plaintiff in error, vs. The State of Georgia, defendant in error.

[1.] In Georgia, a Sheriff is not a judicial officer, and although an instrument taken by him, for the appearance of the defendant to answer a criminal charge, is not technically a *recognisance*, still it is good as a bond or obligation, and scire facias is the proper remedy for its forfeiture.

[2.] Before Bail in a criminal case can be made liable, the record must show, that the principal was called and did not appear.

Scire facias, in Murray Superior Court. Tried before Judge Wright.

The facts are stated in the decision of the Court.

Wm. Martin, for plaintiff in error, cited *Hotchk*. 788, 776 *to* 783. 2 *Kelly*, 365, '6.

W. Aikin, contra.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Wallace H. Park was arrested on the 26th of September, 1844, for the offence of libel; and the Sheriff, C. W. Bond, took from the accused, and Augustus M. Park, his surety, an instrument as follows:

GEORGIA, MURRAY COUNTY—

"Know all men by these presents, that we, Wallace H. Park and Augustus M. Park, are held and firmly bound unto His Excellency, George W. Crawford, Governor of said State for the time being, and his successors in office, in the just and full sum of five hundred dollars, for the true payment of which we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents, sealed with our seals, and dated this 26th day of September, 1844.

"The condition of the above obligation is such, that if the above bound Wallace H. Park shall personally appear before the Superior Court, to be held for said county, on the fourth Monday in March next, then and there to answer the State aforesaid, for and concerning the offence of Libel, with which the said Wallace H. Park stands charged *before me,* and shall then and there stand to and abide the decision of said Court, and shall not depart thence without leave of the said Court, then the above obligation to be void, else to remain in full force.

WALLACE H. PARK, [L. S.]<br>AUGUSTUS M. PARK, [L. S.]

"Acknowledged before me,
  C. W. BOND, Sheriff."

This paper was returned to Court by the Sheriff. At September Term, 1845, the Grand Jury of Murray county found a *"True Bill"* against Wallace H. Park for a Libel; and on the first of April, 1846, a *scire facias* issued against the principal and his bail, which was *served* on the same day on Augustus M. Park, and returned *not found* as to Wallace H. Park.

Augustus M. Park, on the 27th September, 1847, showed for cause why judgment should not be awarded against him—

1st. That the instrument sued on purported to be a voluntary bond, and therefore could not be sued on by *scire facias,* without forfeiture.

2d. The condition of said bond did not set forth that Wallace H. Park was charged with any offence.

3d. Because a voluntary bond is not subject to forfeiture on the minutes as a recognizance.

4th. That the instrument set forth in the *scire facias*, was not taken by or before any Judicial Officer, but by the Sheriff, who is not authorized to take the same.

The Court overruled all of these objections: whereupon, the defendant excepted.

It appears by the statement of the Judge before whom this proceeding was had, that the State proposed to shew that the bond was, in fact, taken under the direction of a Judicial Officer, and the penalty fixed by him.

Is this a valid bond? Has the proper remedy been pursued? And does the *record* furnish legal evidence of the fact? These are the questions necessary to be considered and settled by this Court.

[1.] It is perhaps true, that this instrument is not technically a *recognizance*—for that is an obligation of record, which one enters into before some Court of Record, or Magistrate duly authorized, with condition to do some particular act. The instrument before us, for aught that appears to the contrary, was taken by the Sheriff; at any rate, it was acknowledged before him. It is suggested in the transcript, that the State proposed to prove that the prisoner, when arrested, was taken before a Magistrate, and the penalty of the bond fixed by him; and we are not prepared to say but that an *extrinsic* fact like this, might have been shewn, without violating the rule that instruments like this cannot be aided by parol averments, and that they must stand or fall by themselves, with the aid of such intendments as the Court can reasonably make. Nay more—who is the "*me*" referred to in the condition of this bond, before whom the prisoner is alleged to have stood *charged* with the offence of Libel? Was it the Sheriff, or was it the Magistrate before whom it was the duty of the arresting officer to have taken the accused—either for commitment or bail? And is not this one of those *latent* ambiguities which may be supplied by averment and proof? None such, however, was actually tendered, and we here drop this matter; and especially as we are of the opinion that the party having entered into this obligation voluntarily, and without coercion, that

it is good. *Dennard & Alexander vs. the State of Georgia*, 2 *Kelly*, 137. *Farnham vs. Morrison*, 2 *Ld. Ray.* 1138. *Johnson vs. Lasere, Ib.* 1458. *Edgeomb vs. Dee, Vaughn*, 102, 103. The Sheriff, it is conceded, has no right to exact bail, yet, if the person arrested will submit to give the obligation, it will bind him and the security. *Phelps vs. Parks*, 4 *Vermont R.* 488. And in *Kearns vs. The State*, 3 *Black.* 334, the Supreme Court of Indiana adjudicated the identical question made by this record, holding that if a penal bond taken by the Sheriff for the defendant's appearance to an indictment, show on its face that it was signed and sealed in the presence of the Sheriff, and approved by him, it was valid.

Our own Statute would seem to be conclusive upon this point. It enacts that "when any person or persons shall enter into any " recognizance or *obligation*, for the appearance of another to an-' " swer any indictment, information or presentment of a Grand " Jury for any offence committed against the laws of this State, or " who shall be bound in any recognizance, *bond* or *obligation*, to " prosecute or to answer to any criminal charge, or to give evi- " dence in any criminal case whatever, and shall fail to pro- " duce the body of his, her or their principal or principals, at the " Court according to the tenor and effect of said recognizance, " *bond* or *obligation*, when recognized so to do, then and in that " case, it shall be the duty of the Solicitor General, or prosecu- " ting Officer, to the several Courts of this State, to which said re- " cognizance, *bond* or *obligation* shall be returnable, to forfeit " said recognizance, *bond* or *obligation*, in the manner heretofore " practised in this State." *Prince*, 470, 471.

We repeat, therefore, that although this instrument be not strictly a *recognizance*—nevertheless, under this section of the Act of 1831, it is clearly a good Statutory bond or obligation. And this being admitted, it follows as a corollary, that the proper remedy is by *scire facias*. In *Lasere vs. Emily*, 2 *Strange*, 745, the Court of King's Bench, in pronouncing judgment upon a *scire facias*, sued out as this is, upon an obligation which was not of record, nor executed before the proper Court, say, " But be that as it may, here is a bond which is not fulfilled ; therefore, the *scire facias* is proper, and the award upon it must be affirmed." But here again, it is useless to invoke foreign precedents. The remedy by *scire facias* upon a bond estreated, is given expressly

Park *vs.* The State of Georgia.

by the second section of the Act already referred to. It is in these words: "It shall be the duty of the Clerks of the several Superior Courts aforesaid, to issue a *scire facias* on all forfeited recognizances, *bonds* or *obligations*, against the principal and surety," &c. *Prince*, 671.

[2.] The objection that there is no offence recited in the Bond, is abandoned upon the argument, and the last ground to be noticed, is, whether there is sufficient evidence upon the record of the forfeiture of this bond. The only testimony is an entry by R. W. Jones, Solicitor General, upon the bond, of " Recognizance forfeited, September Term, 1845." It is the opinion of this Court, that before bail can be made liable, the *record* must shew that the principal was called, and did not appear. There must appear upon the *record*, a *judgment* of forfeiture. And the omission in this case is essential and fatal. An entry of the Judge on the Criminal Docket, will not suffice ; *( Burney, appellant vs. Boyett,* 1 *Howard's,* 39 ; *)* neither will the indorsement of the Solicitor General upon the bond or bill of indictment. This judgment *Nisi* is matter of substance ; it involves serious consequences to the parties ; it is of such absolute verity, that nothing can be averred against it ; the fact of forfeiture can only be denied by pleading *nul tiel record.* The regular mode of proceeding, to prevent a forfeiture from accruing from the ignorance or inattention of the accused, is to call such person, and to warn him and his sureties of the consequence of his non-appearance : and then, upon failure, the entry of the judgment *Nisi*, should be in the following terms: " This day, came G. W. Jones, Solicitor of the Cherokee Circuit, who prosecutes for the State of Georgia, and shows, that heretofore, to-wit : on the 26th day of September, 1844, W. H. Park and Augustus M. Park entered into an obligation before C. W. Bond, Sheriff of Murray County, by which they acknowledge themselves to owe, and be justly indebted to George W. Crawford, Governor of said State, and his successors in office, in the sum of Five Hundred Dollars, to be void on condition that the said Wallace H. Park make his personal appearance before the next Superior Court, to be held for said County, to answer for the offence of Libel. Now, on this day, the said Wallace H. Park being solemnly called to come into Court, to answer said charge, and the said Augustus M Park, his bail, having been warned to present the body of his principal, whom he engaged to.

be present this day, to answer said charge—and the said parties respectively having wholly made default ; it is therefore considered by the Court, that the said Wallace H. Park and Augustus M. Park forfeit their obligation—and that the said George W. Crawford, (or,      his successor,) recover against the said Wallace H. Park and Augustus M. Park, the sum of Five Hundred Dollars, the amount of their obligation, so forfeited as aforesaid, unless at the next term of this Court they shew sufficient cause why this order should not be made final, and a *scire facias* is ordered to issue."

In *the State vs. Amos Grigsby,* 3 *Yerg.* 280, the *scire facias* charged that Luther M. Grigsby had been indicted for the crime of Forgery, that he was bound for his appearance, together with Amos Grigsby, in the sum of $1000. Averment that the said Luther made default ; and the said Amos being called to bring into Court the said Luther, failed to do so, whereby he had forfeited to the State, &c. To this there was a plea of *nul tiel record.* And Catron, Ch. J., in delivering the opinion of the Court, says : " There was no evidence in the *record*, shewing that Luther Grigsby had not appeared as he was bound to do. This was clearly a failure of the *record* to sustain the issue."

The same doctrine was re-affirmed by the same Court in the subsequent case of *White & Chilcutt vs. The State,* 5 *Yerg.* 183, where Green, J,, in delivering the opinion of the Court, remarked, " That from aught that *appears*, the principal might have been in attendance."

Additional authority need not be adduced, nor argument offered, I apprehend, to establish that the forfeiture to warrant the Clerk in issuing the *scire facias*, can only appear of record.

Upon this ground, then, the judgement below must be reversed, and the *scire facias* arrested. It may be that a judgment was taken, and that fact being made satisfactorily to appear, the Court below, upon proper application and proof, might allow it to be entered *nunc pro tunc.* For the present, at least, the transcript sent up to this Court, furnishes no such evidence.