Ford *vs.* Lane and others.

No. 54.—Joseph Ford, plaintiff in error, *vs.* Robert L. Lane and others, defendants.

[1.] Where a *scire facias* is issued on a bail bond against the principal and bail, jointly, and the Sheriff returns, " not to be found," as to the principal, the creditor may proceed to enter up judgment against the bail.

[2.] No assignment of the bail bond is necessary, by the Sheriff, to the creditor at whose instance the party was arrested. It inures to his benefit, under the Statute of this State, by operation of law, merely.

*Scire facias,* to charge bail. Decided by Judge Wright, Floyd Superior Court, October Term, 1849.

Robert L. Lane being arrested on bail process, gave bond, with William Hardin and Robert Ware as sureties, payable to Wesley Shropshire, the Sheriff of Floyd County, and dated 13th December, 1838. In June, 1845, Houston Aycock, the then Sheriff of Floyd County, transferred the bond to the plaintiff in the action, Joseph Ford, who sued out a *sci. fa.* against Lane, Hardin, and the representatives of Ware, to charge them on the bond. Hardin and the representatives of Ware were served, and there was a return of " *nihil, &c.*" as to Lane, the principal. The sureties came in, by attorney, and pleaded to the action.

On the trial, at October Term, 1849, the bail, by their counsel, moved to dismiss the *sci. fa.* on the grounds—

1st. That it had not been sufficiently served on the defendant, Lane.

2d. That the bond was assignable by Wesley Shropshire only.

The Court sustained the motion on both grounds, and plaintiff excepted.

There being no appearance for the defendant in error, the case proceeded *ex parte.*

Akin, for plaintiff in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

Two questions are made in this record—

1st. Upon a *scire facias* to charge bail, under our Statute, in

Ford *vs.* Lane and others.

which the principal is joined, is it necessary that he should be *served*, before judgment can be entered up against the bail?

2d. Whether, when the bail bond is taken by the Sheriff, who has gone out of office, payable to himself alone, as Sheriff, and not to him and his successors, the assignment to the creditor can be made by the successor?

[1.] It was not necessary, we apprehend, in this case, to take any steps against the principal—our Statute authorizing bail, contemplates none.   It directs, that upon the return of the *capias*, with the entry of *non est inventus*, that a *scire facias* should issue, returnable to the same Court in which the original judgment was obtained; which shall be served on the *bail;* at least twenty days before the return thereof; and after the return of the *capias* against the *principal*, and *scire facias* against the bail; and judgment thereon, (that is, on the *sci. fa.*) execution may issue against the principal and bail, or either of them, or either of their estates, unless the bail shall surrender the principal, at or before the entering up of final judgment on the *scire facias*, either in open Court, in term time, or to the Sheriff of the County in which such principal shall reside, at any time in vacation.   *Prince*, 423.

Indeed, we hardly suppose it to be indispensable, that the principal should be a party to the bail bond at all.   Chief Baron *Comyn* says, " the principal need not be bound with the bail."   *Com. Dig. Bail. g. 2.*   In England, a bail bond without a principal, has been held to be good.   8 *Coke*, 99, *b.*   And the precedents in modern books of pleading, show the law to be so.   3 *Morg. Vade Mecum*, 391.   3 *Chitty*, 241.

But suppose it were otherwise, and because the principal was joined in the bond and in the *scire facias* with the bail, he had to be legally disposed of before judgment could be rendered against the bail.   The Act of 1820, meets and provides for just such a case.   It declares, that where two or more *joint contractors* or copartners are sued in the same action, and service shall be effected on one or more of them, and a return made by the officer, that the other defendant or defendants are not to be found, it shall and may be lawful for the plaintiff to proceed to judgment and execution against the defendant or defendants, who are served with process, in the same manner as if he, she or they were the sole defendant or defendants.   *Prince*, 446.

I need hardly remark, that co-obligors in a bail bond are *joint contractors*. *See note to Prince*, 422.

And this construction cannot prejudice the rights of any party ; for while it is true, that the property of the defendant not served, may not be bound by the judgment, yet all the property of the principal is bound by the first or original judgment—a lien prior in time to the judgment on the *scire facias ;* and upon the discharge of the debt by the bail, under our Statute for the protection of bail, he would be entitled to control the original judgment for the purposes of reimbursement. If it were otherwise, however, it would only show, that notwithstanding the solicitude manifested by the Legislature to protect every description of securities, this was still a *casus omissus* in the law.

[2.] The second objection is this : the bail bond was made payable to Wesley Shropshire, the former Sheriff of Floyd County, and assigned to the plaintiff by Houston Aycock, his successor. Is any assignment by the Sheriff necessary ?

I would remark, that there is a growing disposition manifested to sustain the validity of all such bonds, and of the proceedings under them, where they are substantially correct, and do not violate any fundamental provision of the law. Many cases to this effect, may be found cited in Sergeant *Williams' Notes to the case of Posterne vs. Hanson*, 2 *Sand.* 59.

In England, it is a matter of record, where bail above is put in; for, it is done by way of recognizance, in Court, or before some Judge or Commissioner—in which case it is returned to Court. In this State, it is taken by the Sheriff, out of Court; still, our Statute regulating bail in civil actions, and giving a *scire facias* against bail, it might be plausibly contended, at least, constituted the contract of bail a matter of record. It is required to be filed with the writ in the Clerk's office, for the security and benefit of all parties, and to be found whenever a writ of *scire facias* may be demanded. At any rate, whether it be a matter *in pais* or of record, the Judiciary Act does not require the bail bond to be assigned by the Sheriff to the creditor, at whose suit the party was arrested; and we think, that both the public justice, as well as the public convenience, justifies us in holding, that this *formality*, for it is nothing more, be dispensed with.

Upon both grounds, therefore, the judgment below must be reversed.