22 418
87 280

22 417
121 373

No. 3.—WILLIAM ADAMS, plaintiff in error, vs. THE GOVERNOR OF THE STATE OF GEORGIA, defendant in error.

[1.] A recognizance of bail in a criminal case may be good, although it does not contain a recital that the principal was arrested, that he was examined, that he was "convicted" on that examination, and that an order for bail was made.

[2.] James Adams assaulted Robert Frank, and cut him with a knife; Adams then entered into a recognizance containing a condition to appear at the next

(proper) Court, "to answer such matters as" should "be then and there charged against him by Robert Frank, concerning an assault and battery committed by him, the said James Adams, on the said Robert Frank, and not thence depart without leave of the Court." Afterwards, Frank died of the cutting. An indictment for *murder* was found against Adams. He failed to appear. *Held,* That the condition of the recognizance was broken.

[3.] In a recognizance of bail in a criminal case, the omission of a statement that the offence was committed in the State, does not *per se*, render the recognizance void.

[4.] The charge of the Court is to be taken in reference to the subject to which it relates.

[5.] If at the time a Justice of the Peace admits an assailant to bail, the assailed party is still alive, and the Justice, believing the offence not to amount to more than an assault and battery, admits the offender to bail, the recognizance is not void, although the assailed party may afterwards die of the wounds inflicted by the assailant.

*Scire Facias,* to forfeit recognizance, in Columbia Superior Court. Tried before Judge HOLT, at September Term, 1856.

This was a *scire facias* issued at the instance and suit of the State, against James C. Adams principal, and William Adams security, upon a recognizance alleged to have been forfeited. The principal, James C. Adams, had been arrested under a warrant issued upon the oath of Robert Frank, for an assault and battery committed upon said Frank. Upon being brought before the Justice of the Peace, he entered into recognizance with William Adams as his security, to appear at the next Superior Court for Columbia county, "to answer such matters as shall be then and there charged against him by Robert Frank concerning an assault and battery committed by him, the said James Adams, on the said Robert Frank, and do not thence depart without leave of said Court." This recognizance is dated, 13th December, 1851: On the 24th December, thereafter, Frank died of the wounds inflicted by Adams in said assault and battery. At the March Term, 1852, of the Superior Court, an indictment for murder was handed out by the Attorney General, and a true bill found.

The defendant failed to appear and answer the charge of

murder, and this *scire facias* was issued to forfeit his recognizance.

The surety, William Adams, was alone served, who appeared and pleaded :

1st. *Nul tiel* record.

2d. Duress.

3d. That his principal had never been charged with or called on to answer the offence of assault and battery in proper and legal form made.

4th. That the bond was void, and there could be no forfeiture thereof, so as to charge the surety.

All the evidence offered was the original affidavit, warrant and recognizance; the indictment which was for *murder* only; the order forfeiting the recognizance and the following extract from the *scire facias*, viz: "On which said 24th day of December, in the year aforesaid, (meaning aforesaid in said true bill,) and in said county, the said Robert Frank, of the said mortal wound died ; and whereas the said assault and battery and cutting with a knife aforementioned in said affidavit, warrant and recognizance are the same, with those charged in said true bill, and the said murder the result thereof:"

After argument by counsel, the Court charged the jury that they must find, from the evidence before them, that the principal, James C. Adams, was arre led, a preliminary examination had, a conviction of the charge, and an order for bail, before they could find against the surety; but that the jury might infer from all the papers and from the fact that the bond was given, that all said pre-requisites had been complied with or waived. The Court further charged the jury that there was a legal forfeiture of the bond, if it was shown that an indictment for murder had been found, and the principal had failed, when called, to appear and answer the same, and that, in every charge of murder, there is included a charge of assault and battery. The Court further charged

the jury that the recognizance must show upon its face that the principal stood charged with or was required to answer to some offence against the law of Georgia.

The Court declined to charge the jury, as requested in writing by defendant's counsel, that there was no forfeiture of the bond, unless it was shown that a charge of assault and battery had been made, and made by Robert Frank. The Court declined to charge, being in like manner requested, that the bond must stand or fall by itself, and that it must show within itself every thing necessary to authorize the Magistrate to take it. The Court declined to charge, being in like manner requested, that if the jury found that the offence, with which James C. Adams was charged, resulted in homicide, the Magistrate had no authority to take the bond, and that it was therefore void. The Court declined to charge, being in like manner requested, that, if the original affidavit charged only an assault and cutting or stabbing, the bond for assault and battery was void.

The Court did charge the jury that the bond would be legally forfeited by the departure of the principal without leave of the Court, and that there was a charge of a specific offence stated in the bond.

The jury returned a verdict for the plaintiff in *Scire Facias* for the amount of the penalty of the bond—one thousand dollars.

Whereupon, before the · adjournment of said Court, counsel for the defendant, William Adams, moved the Court for a new trial on the following grounds:

1st. Because the verdict was contrary to law, evidence, the weight of evidence, and without evidence.

2d. Because the verdict was contrary to the charge of the Court in this, that the Court charged the jury that they must find, from the evidence before them, that the principal, James C. Adams, was arrested, a preliminary examination had, a conviction of the charge, and an order for bail, of which facts

there was no evidence whatever, nor was there any evidence of any waiver of such arrest, examination, conviction and order.

3d. Because the Court erred in charging the jury that they might infer, from all the papers and from the fact that the bond was given, that all said pre-requisites had been complied with or waived.

4th. Because the Court erred in charging the jury that there was a legal forfeiture of the bond, if it was shown that an indictment for murder had been found, and the principal had failed, when called, to appear and answer the same.

5th. Because the Court declined to charge, as requested by defendant, that there was no forfeiture of the bond unless it was shown that a charge of assault and battery had been made, and made by Robert Frank.

6th. Because the Court declined to charge, as requested by defendant, that the bond must stand or fall by itself, and that it must show within itself every thing necessary to authorize the Magistrate to take it.

7th. Because, while the Court charged the jury that the recognizance must show a charge of some offence against the law of Georgia, they found for plaintiff, notwithstanding the bond did not state the offence to have been committed any where in the State.

8th. Because the Court charged the jury that the bond would be legally forfeited by the departure of the principal without leave of the Court.

9th. Because the Court charged the jury that there was a charge of a specific offence stated in the bond.

10th. Because the Court charged the jury, that, in every charge of murder, there is included a charge of assault and battery.

11th. Because the Court declined to charge, as requested by defendant, that if the jury found that the offence, with which James C. Adams was charged, resulted in homicide,

the Magistrate had no authority to take the bond, and that it was therefore void.

12th.  Because the Court declined to charge, as requ sted by defendant, that, if the original affidavit charged only an assault and cutting or stabbing, the bond for assault and battery was void.

13th.  Because the verdict was contrary to the charge of the Court.

It was consented and agreed between counsel for the parties that a brief of the testimony should be filed in vacation, and that the argument should be heard at chambers, and an order was passed that the motion operate as a supersedeas until the further order of the Court.  After argument by counsel, the Court at March Term 1857 of the Superior Court of Columbia County, overruled the motion for a new trial. Whereupon, the defendant excepts, and says that the said ruling and decision was erroneous upon each and all the grounds taken in the motion for new trial.

MILLERS & JACKSON, for plaintiff in error.

WILLIAM R. McLAWS, Attorney General; and J. C. SNEAD & SON, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Was the Court right, in overruling the motion for a new trial?

The second and third grounds of the motion, will be taken together.

[1.] It was not necessary to make the recognizance good, that the principal should have been arrested, that there should have been a "preliminary examination had, a convertion of the charge, and an order for bail."

"It is said that it is safe to state," (in the mittimus) "that the party has been charged on oath, but this is not necessary;

for it has been resolved, that a commitment for treason or for suspicion of it, without setting forth any particular accusation or ground of suspicion is valid. And it was recently decided, not to be necessary, because a commitment may be *supervisum* and then no oath is requisite." 1 *Chitty Cr. Law,* 110 ; *(Mar.)* and see the form of a recognizance, 1 *Arch. Cr. Pl.* 56.

Now, certainly the recognizance of bail, which is the accused party's own chosen substitute for the commitment, need not state more than the commitment need state.

1. Admit therefore, that the jury did find against this charge, the fact is of no consequence.

This disposes of both of these grounds. It may be remarked, however, in reference to the last of the two, that as the Justice had jurisdiction, it is to be *presumed* that everything happened, necessary to make his action regular.

The fifth ground of the motion is, " because the Court erred in charging the jury that there was a legal forfeiture of the bond, if it was shown that an indictment for murder had been found, and the principal had failed, when called, to appear and answer the same."

The condition of the recognizance was, that the principal should appear at Court " to answer such matters as" should be " charged against him by Robert Frank, concerning an assault and battery committed by him the said James Adams, on the said Robert Frank, and" should " not depart thence without leave of said Court."

The principal was to appear at the Court and not depart from it, *without the leave of the Court.* This was a part of the condition; and such a part is usual in the condition of such recognizances. See form.—*Arch. (Supra.)*

Now, some effect is to be given to this part of the condition, and the most restricted effect that can be given to it, doubtless, is, to make it require the principal to attend, upon the Court, until, at least, the whole of his liabilities to the crim-

inal law for his *assault and battery of Frank* has been satisfied.

This much effect then, we think, ought to be given to this part of the condition.

Was it among his, the principal's, liabilities to the criminal law, for his *assault and battery* of Frank, that he might be indicted for the *murder* of Frank ?   Most certainly.   Death, it was certain, might result from the assault and battery, although it had not done so, when the condition was entered into: the assault and battery might have had malice for its motive.   It was certain that if both of these things should concur, the assault and battery would enlarge itself into a murder.   He was liable to the criminal law, for whatever the assault and battery might enlarge itself into.   He undertook by the condition of his bond, (so we construed it,) to attend upon the Court, until *all* his liabilities growing out of the assault and battery should be satisfied.   Therefore, he undertook to attend until his liability to the indictment for murder should be satisfied, for that is an indictment founded on the assault and battery, that being such, that the beaten party after a while, died of it.

He failed to attend on the Court to answer to this indictment.   In this, therefore, he broke the condition of his bond.

[2.] It is not true, then, that the Court erred in charging the jury, that there was a forfeiture of the bond, if an indictment for murder had been found, and the principal had failed to appear.

The sixth ground is, " because the Court declined to charge as requested by defendant, that the bond must stand or fall by itself, and that it must show within itself, every thing necessary to authorize the magistrate to take it."

The meaning of this request is, that the bond ought to contain a recital of the matters mentioned in the second ground, viz: a recital, that the principal " was arrested," &c.   But a recognizance may be good, even though no such matters as these, *ever existed.*   See what was said on the second ground.

As to the seventh ground :

[3.] There is no law that says, that a recognizance of bail is void, if it does not recite that the offence was committed in the *State*.

The eighth ground may be treated as disposed of by what was said of the fourth ground.

What law is there, that was violated by the charge of the Court referred to in the ninth ground?

[4.] As to the tenth ground: Every charge of a Court, like every other written or spoken thing must be taken *secundum subjectam materiam*. The subject which this Court had before it, was murder by cutting with a knife, not murder by giving arsenic. And every murder by cutting with a knife, *does* include an assault and battery.

Besides, suppose the jury had understood the Court as intending to say, that murder by poison includes an assault and battery, what harm could it have done? Would the new trial act of 1854, (Acts, 46,) have to be so construed as to include such a case?

[5.] As to the eleventh ground. At the time when the Justice acted, the man cut with the knife had not died. The offence therefore, as it was at that time, could not be murder. The Justice had jurisdiction to look into the affair. He did look into it, and considered the offence an assault and battery. And what he in the exercise of his jurisdiction, considered the offence to be at that time, the offence is to be considered as having been at that time, notwithstanding, that the offence afterwards developed itself into one of a higher grade than that of an assault and battery.

The jurisdiction of a Justice, is to be determined by what is the state of things at the time when he *acts*, not by what is their state afterwards.

There is, manifestly, nothing in the twelfth ground.

Nor do we think that there is, in the first, and thirteenth.

Upon the whole, therefore, we affirm the judgment refusing the new trial.

Judgment affirmed.