No. 20.—Thomas Ansley, plaintiff in error, *vs.* Benjamin Harris, defendant in error.

A bail-bond payable to the Sheriff, is, in effect, payable to the plaintiff; and, therefore, such bond is good, notwithstanding the Act of 1841, which requires bail-bonds to be taken, payable to the plaintiff.

Scire Facias on Bail-bond, from Sumter. Decision by Judge Allen, at March Term, 1857.

Benjamin Harris sued out *scire facias* against John A. Fletcher, and Thomas Ansley, to show cause why judgment should not be entered against them on a bail bond, executed by Fletcher as principal and Ansley as security.

The Sheriff returned *non est* as to Fletcher. Ansley appeared, and showed for cause why judgment should not be rendered against him, that said bond was made payable to the *Sheriff*, and not to Harris, the plaintiff, and that it had not been assigned.

The Court held the showing insufficient, and gave judgment against Ansley. To which decision, Ansley by his counsel excepted.

McCoy & Hawkins, for plaintiff in error.

Cook & Montfort, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

Is a bail-bond made payable to the Sheriff, a good bail-bond?

The Act of 1841, to define the mode of taking bail, declares that "all bonds taken in cases of bail in this State, shall be taken, payable to the plaintiff in the cause." *Cobb's Dig.* 482.

Is a bail-bond taken payable to the Sheriff, taken payable to the plaintiff in the cause?

It is, according to *Lane vs. Ford, and others*, 8. *Ga.* 323.

That was the case of a *sci. fa.* by the plaintiff against the bail, on a bail-bond, made payable to the Sheriff, and *not assigned* by him to the plaintiff. And the decision was, that the *sci. fa.* was good.

Now, the *sci. fa.* could not have been good, unless the right to sue it out was in the plaintiff; but the right to sue out the *sci. fa.*, could not have been in the plaintiff, unless the right to the bond was in the plaintiff; but the bond was payable to the Sheriff, and had not been assigned by him ; therefore, the right to the bond, could not have been in the plaintiff, unless the bond being payable to the Sheriff, was the same thing as if it had been payable to the plaintiff; unless, in other words, the Sheriff, in taking the bond, was but the mere agent of the plaintiff.

The decision, therefore, in effect was, that the Sheriff in taking the bond, was *the agent of the plaintiff ;* and that the bond, though, in fact, it was payable to the Sheriff, yet, *in law was payable to the plaintiff.*

This decision was placed upon our statute, and we do not see why it should be disturbed; especially, as, even by the old law, the whole *beneficial* interest in the bail-bond, was in the plaintiff

*See too U. S. vs. Morgan, 3. W. Ct. Rep.* 10., *U. S. vs. Smith, and others, 3. Hall Am. Law Jour.* 458.

We think, therefore, that the judgment of the Court below ought to be affirmed.

Judgment affirmed.