## Smith, Governor, *vs.* Spencer *et al.*

1. The forfeiture of a voluntary bond in a criminal case may be enforced by *scire facias*, though the bond be executed in New York.
2. Unless denied on oath the execution of the bond need not be proven.
3. The bond when delivered to the clerk and deposited in his office became an office paper, and as such, if lost, could be established by copy *instanter* and without notice.
4. The bond reciting a bill of indictment, and the bill of indictment in evidence appearing to have been found after the execution of the bond, and the court having granted a new trial, this court will not interfere.

Criminal law. Bonds. *Scire facias.* Lost papers. Practice in the Superior Court. Before Judge Harris. Camden Superior Court. May Term, 1879.

The solicitor-general proceeded to forfeit a bond in a criminal case, in which W. T. Spencer was principal and S. A. Spencer was security. The original bond having been lost after being made and filed (as was stated in the

order establishing a copy), a copy was established on motion, and upon it the proceedings to forfeit were based. The sheriff made an entry of non est inventus as to each of the defendants, and the court ordered service by publication. The surety came in and filed the following pleas:

1. That respondent was relieved from responsibility on said bond by reason of the execution by defendant Wm. T. Spencer, of a subsequent bond in said case, which said subsequent bond was received by the sheriff of said county as a good and sufficient bond, in lieu of the bond on which judgment is now sought to be obtained.

2. Because said bond now in issue was not executed in terms of the law in the state of Georgia, before an officer authorized to witness and receive said bond, but was executed before a commissioner of deeds for the state of Georgia in the state of New York; and respondent avers that said bond so executed cannot be legally enforced against him in the courts of said state of Georgia.

3. Because said proceeding of forfeiture is upon a copy bond, and respondent avers that said proceeding cannot be maintained, for that respondent had no notice of a motion to establish said copy in lieu of the lost original.

4. Because the order establishing said bond was improvidently granted, for that respondent had no notice of said motion to establish, and for that no evidence was adduced on said motion that an original ever existed, or that such original was ever of file in the clerk's office of said court, and respondent avers that said bond was not an office paper in terms of the law, and could not therefore be established on motion of the solicitor-general without notice as aforesaid; wherefore respondent prays the judgment of the court, and that said rule of forfeiture may be discharged, etc.

On the trial, plaintiff introduced the copy bond and order establishing it. Defendant introduced no evidence. It appears from the record that the bond was executed in New York before a commissioner of deeds for Georgia on April 10, 1874. The indictment forming the basis of said bond

was found at the April term of Camden superior court. The jury found for plaintiff. Defendant moved for a new trial, the grounds of the motion substantially corresponding with those of the plea. It was granted, and plaintiff excepted.

S. W. HITCH, solicitor-general, for plaintiff in error.

GOODYEAR & HARRIS, for defendant.

JACKSON, Justice.

1. This was a *scire facias* to enforce the forfeiture of a voluntary bond executed in New York, and one objection to the proceeding was that this is not the appropriate remedy. A voluntary bond may be forfeited by *scire facias*. 4 *Ga.*, 329.

It cannot matter, we think, that it was executed in New York. It is not the less voluntary because made in New York, and it derived its validity from its deposit in the clerk's office. It does not lie in the mouth of the surety who signed it and deposited it, and thereby procured the release of the person charged with crime, to make the objection that he executed it in New York.

2. Nor does it matter how it was executed there unless the defendant denied its execution on oath. Whether the commissioner of deeds put a seal to his attestation or not is therefore immaterial. The bond was not denied on oath as the act and deed of the surety.

3. When delivered to the clerk, the bond became an office paper, and as such, if lost, could be established by copy *instanter* and without notice.

4. But it appears to bear date prior to the indictment, and yet recites the indictment as being the criminal charge on which the defendant was bailed; that is, the condition of the bond is, that whereas the defendant was charged with perjury at the April term of the court, if the bail will deliver his principal to answer that offense so charged, then the bond to be void, etc.

The April term of Camden court was the Tuesday after the fourth Monday, and the bond is dated the 10th of April of the same year. Therefore the variance, to say the least, needs explanation. The superior court having granted a new trial, and there being this variance between the allegation in the *scire facias* and the proof, the former making the same allegation that the bond was executed to secure the defendant's presence under this indictment, this court will not interfere with the judgment, the effect of which is to try the case again.

Judgment affirmed.