JONES vs. GORDON, governor.

Though a bail-bond was taken before a magistrate in a different county from that in which the crime was committed, and though the magistrate had no jurisdiction in the case, the defendant made no question as to this at the time the bond was taken, but voluntarily gave it, and thereby was released from custody; and the bond is good as against him and his sureties.

April 8, 1889.

Bail-bonds. Jurisdiction. Before Judge JENKINS. Baldwin superior court. July term, 1888.

A warrant for the arrest of one Smith on a charge of burglary committed in Baldwin county, was issued by a justice of the peace in Hancock county, who took a joint and several bond for his appearance at Baldwin

superior court, signed by him, the plaintiff in error, and two others. The prisoner did not appear when the case was called for trial in that court, and a rule *nisi* for forfeiture of the recognizance was issued and served on Jones, who answered that the rule should not be made absolute against him, because (1) neither the principal in the bond nor either of the other two sureties had been served, though residing in Hancock county, and no judgment should go against him which is not equally binding on them; and (2) the justice of the peace of Hancock county had no jurisdiction to hear, investigate or determine the cause or to take the bond, but the constable making the arrest should have taken the prisoner before the nearest judicial officer in Baldwin county, authorized to investigate and determine such matters, and before him had the commitment trial.

A demurrer to this answer as insufficient in law, was sustained, and Jones excepted.

J. T. JORDAN, by brief, for plaintiff in error.

ROBERT WHITFIELD, by J. H. LUMPKIN, *contra.*

SIMMONS, Justice.

The only point insisted on before us for a reversal of the judgment of the court below was, the fact that the bail-bond was taken before a magistrate in a different county from that in which the crime was committed, the plaintiff in error contending that the magistrate who took the bond from the defendant and his securities, had no jurisdiction.

Conceding that the magistrate had no jurisdiction in the case, the defendant made no question as to this at the time the bond was taken, but voluntarily gave it, and thereby was released from custody. If the trial had before the magistrate were absolutely void, that would

not have released the defendant from custody, but the arresting officer should, and doubtless would, have continued to hold him under arrest   By giving the bond he was released from custody.   He had a right to waive a legal trial, or any trial at all, and give the bond. In the case of *Weldon et al. vs. Colquitt, gov.*, 62 *Ga.* 449, a bond was taken by the magistrate on Sunday, and this court held that the magistrate's order requiring the bond was invalid for that reason, and that his judgment " had no binding force, and compliance with it was wholly voluntary on the part of the prisoner.   He accepted and complied with it when he was under no obligation to do so.   Thereby he recovered his liberty, and that was the main end in view, and was, of itself, a sufficient consideration for his contract."   See also *Smith, gov., vs. Spencer et al.*, 63 *Ga.* 702; *Dennard vs. State*, 2 *Ga.* 137; *Park vs. State*, 4 *Ga.* 329; *Adams vs. The Governor*, 22 *Ga.* 417.

Judgment affirmed.