ADAMS *et al.* v. CANDLER, Governor.

An obligation binding the principal and sureties in a penal sum named, payable to the Governor of Georgia and his successors in office, conditioned for the personal appearance of the principal at a stated term of a superior court to answer to a bill of indictment which had been preferred against such principal, is a contract to which the State of Georgia and the principal and sureties executing the bond are the only parties. Although a contract of this character

is executed on Sunday by the obligatory parties, it can not be classed as a contract made in the pursuit of a business, or the performance of a work within the ordinary calling of one of the parties to the contract.

Submitted October 9, — Decided November 8, 1901.

Forfeiture of recognizance. Before Judge Estes. White superior court. April term, 1901.

*J. W. H. Underwood* and *J. J. Kimsey*, for plaintiffs in error.
*W. A. Charters, solicitor-general,* contra.

LITTLE, J. A scire facias issued to forfeit a bond executed by J. F. Adams as principal, and S. M. Adams and John L. Edge as securities, payable to A. D. Candler, Governor of the State of Georgia, or his successors in office, in the sum of one hundred dollars, dated November 2, 1899. •The condition of the bond was, that its obligation should be void in the event that the principal should appear at the superior court of White county at a named term of the court, and from term to term thereafter, to answer to a bill of indictment for the offense of misdemeanor, which had been returned as true by the grand jury of that county. Adams and Edge, at the proper time, interposed a plea and set up, for cause why the judgment nisi should not be made absolute, the following : " That said bond was, as respects the defendant John L. Edge, executed on the 5th day of November, 1899, instead of on the 2nd, the day it purports to have been executed, and that said 5th day of November was Sunday, and that at said time the said principal, Frank Adams, was not under arrest, nor legally restrained of his liberty ; which was a transaction within the ordinary callings of the parties to it ; nor was it an act of necessity or charity." In a separate plea J. F. Adams, the other security, averred that he was released, not only because of the facts pleaded by Edge, but also because he agreed to and did sign the bond with the distinct understanding that Edge was to execute the same as a joint obligor and surety with him, which agreement it was alleged was made and entered into with Turner, the . constable, and Jackson, sheriff of the county. The solicitor-general demurred to the pleas as presenting no defense to a judgment absolute. The court sustained the demurrer, struck the pleas, and made the judgment absolute. To the striking of these pleas and the rendition of this judgment the defendants excepted.

It may be well in the outset to call attention to the fact that the

bond sought to be forfeited and collected was a contract entered into between the State of Georgia, by its Governor, on the one part, and the named principal and sureties on the other, by which contract the sureties undertook to pay to the State of Georgia an amount named, in the event the principal named in the contract should not personally appear at a given term of White superior court to answer to an indictment preferred for a violation of a penal law of this State. One of the errors in which our brethren who represent the plaintiff in error seem to have fallen is, that the constable who attested the bond was a party to that contract. Not so. The State and the principal and sureties of the bond were the only parties to the contract. The legal objection which Edge urges against the validity of the contract into which he entered was, that it was a transaction within the ordinary calling of the parties thereto, and that its execution was had on Sunday, and that the same was not an act of necessity or charity, for the reason that the principal was not at that time under arrest or restrained of his liberty. In the case of *Salter* v. *Smith*, 55 *Ga.* 244, it was practically ruled by this court that the execution of such a bond on Sunday was lawful when the defendant was in jail, the execution of it being in the nature of an act of charity; and in the case of *Weldon* v. *Colquitt*, 62 *Ga.* 449, it was further ruled that such execution was lawful when the principal in the bond was under arrest. It is, however, claimed that where the principal was, at the time of the execution of the bond neither in jail nor under arrest, the contract came within the inhibition of the Penal Code, § 422, which declares that no person " shall pursue his business, or the work of his ordinary calling, on the Lord's day, works of necessity or charity only excepted," and makes any violation of its provisions a misdemeanor. In construing this section of the code this court has had occasion repeatedly to rule on the validity of contracts executed on Sunday. A reference to these cases and the rulings made in each are to be found in the case of *Hayden* v. *Mitchell*, 103 *Ga.* 431, and the conclusion of this court then expressed was, that " only those contracts which may properly be included as coming within the ordinary callings of the parties thereto are affected by the inhibition of the statute." In order, therefore, to determine the merits of the plea interposed by each of the sureties, it is only necessary to ascertain whether the contract under consideration came within the ordi-

nary calling of the State on the one hand, and of Edge, the surety, on the other. The State of Georgia exercises no ordinary calling, and is engaged in no labor, business, or work. It is a sovereign, organized and instituted as a government to afford protection to its citizens through the due administration of laws which they are empowered to make. It is hardly necessary to say that it has no ordinary calling. We are not informed by the plea what was the ordinary calling of Edge, the surety on the bond, but it is not insisted that the execution as surety of bonds for the appearance for trial of persons charged with crime was his ordinary calling. No such a pursuit would be recognized by the law as a legitimate calling. Whatever may be the nature of his business or work, we are very safe in saying that his ordinary calling can not be that of becoming a surety on penal bonds. Taking as true, therefore, the allegations of his plea that the principal in the bond was not under arrest nor restrained of his liberty at the time of its execution, so as not to bring the contract within the exception of the rule of law above set out, it must nevertheless be ruled that the plea interposed in defense to the rendition of a judgment absolute was without merit because the nature of the contract was such as could not and did not come within the ordinary calling of the parties thereto.

Inasmuch as the plea interposed by the surety Edge, is declared to be without merit, it is not necessary that the defense of Adams, another surety, to the effect that by agreement he signed the bond with the understanding that Edge was to execute the same as a joint obligor, should be separately considered. Hence, there was no error in sustaining the demurrer to the plea, and, in the absence of further defense, in making the judgment nisi absolute, and thus finally forfeiting the bond.

*Judgment affirmed. All the Justices concurring.*