## 862. WILLIAMS v. CITY OF TIFTON.

1. A supersedeas bond required by act of 1902 (Ga. Laws of 1902, p. 104),, as a condition precedent to an application for certiorari from a municipal court, is in effect payable to the corporation when it is made.payable to the mayor of the municipality and his successors in office; and such a bond, if otherwise good in substance, is a sufficient compliance with the statute.

2. Ordinarily it takes more than a single transaction to constitute the carrying on of business.

Certiorari, from Tift superior court—Judge Mitchell. November 12, 1907.

Submitted January 13,—Decided January 27, 1908.

*J. B. Murrow, John J. Murray,* for plaintiff in error.

*W. J. Wallace,* contra.

POWELL, J. Josephine Williams was convicted before the city council of Tifton for the offense of carrying on the business of keeping a boarding-house and restaurant without a license. She applied to the judge of the superior court for certiorari; he refused sanction, and to this refusal exception is taken. The point is made by the defendant in error that the judge properly refused sanction, because it does not affirmatively appear in the petition for certiorari either that the petitioner had executed a pauper affidavit or had given bond as prescribed by act of 1902 (Ga. Laws of 1902, p. 104). The petition recites: "The defendant, Josephine Williams, has this day made bond payable to the municipality of Tifton, with surety acceptable to and approved by L. A. Hargraves, clerk of said city, conditioned for the personal appearance of the defendant to abide the final order, judgment, or sentence of said court in said cause, as provided for in Acts 1902, page 104. A copy of said bond is hereto attached." Annexed to the petition as an exhibit is a bond executed by Josephine Williams as principal and C. A. Hargrett as security, acknowledging themselves bound "unto S. M. Clyatt, mayor of the City of Tifton, and his successors in office," in the sum of one hundred dollars, reciting the conviction in the municipal court and the notice of certiorari, and concluding in the form prescribed by the statute for the condition of such bonds. The specific point is that the bond should have been made payable to the municipal corporation,, as the act of 1902 requires, and not to the mayor.

The bond prescribed by the act of 1902 is an appearance bond merely. *Tucker* v. *Moultrie,* 122 *Ga.* 161 (4), (50 S. E. 61). Such bonds are not void for mere technical irregularities. If it is a valid contract between the obligors and the city, adequate to the accomplishment of the purposes mentioned in the statute and conditioned according to the obligation therein stated, it is good. *Dennard* v. *State,* 2 *Ga.* 137 (2); *Park* v. *State,* 4 *Ga.* 329; *Colquitt* v. *Bond,* 69 *Ga.* 351; *Jones* v. *Gordon,* 82 *Ga.* 570 (9 S. E. 782). If it were in any wise doubtful as to whether the bond, nominally payable to Clyatt, mayor, and his successors in office, was intended as a contract with him personally, or with him as chief executive of the city, parol evidence, and therefore the recital in the petition for certiorari, would be competent to explain the ambiguity and to make it certain that the bond was intended as a contract with the city. *Colquitt* v. *Bond,* supra; *Fitzgerald Cotton Oil Co.* v. *Farmers Supply Co.,* 3 *Ga. App.* 212 (59 S. E. 713). The mayor is the chief executive of a city, just as the Governor is the chief executive of the State. A bail bond payable to the Governor is a contract between the State and the obligors. *Adams* v. *Candler,* 114 *Ga.* 151 (39 S. E. 893). A bail bond payable to the sheriff, at a time when bail was required in civil cases in this State, was held good, though the statute required that such bonds should be payable to the plaintiff; and our Supreme Court held that such bonds, though on their face payable to the sheriff, were in operation and effect payable to the plaintiff, and that no assignment by the sheriff was necessary in order to authorize the plaintiff to maintain scire facias thereon. *Ansley* v. *Harris,* 22 *Ga.* 616; *Ford* v. *Lane,* 8 *Ga.* 322. Substantial, and not formal, technical compliance with the prerequisite procedure is all that the State should require of its citizens in order to bring in question the legality of proceedings under which they are held in criminal constraint.

The judge ought to have sanctioned the certiorari. According to the sworn allegations of the petition, the only evidence that the petitioner was carrying on the business of keeping a boarding-house and restaurant was the testimony of a policeman that on one occasion he noticed two boys eating at the defendant's house. If this testimony were held to be sufficient to convict of the offense of keeping a boarding-house and restaurant, we have no

·doubt that nine tenths of the citizenship of Tifton could be convicted of the same offense. One of the Judges of this court has five boys and five girls who eat regularly at his house, and it will hardly be said that he is running a boarding-house or a restaurant. As to what constitutes doing business, see the cases collected in 1 Words & Phrases, 979; 3 Ib. 2155.

*Judgment reversed.*