## TOWN OF KENNETH CITY v. KRESS.
No. 6.

Circuit Court, Pinellas County, Criminal Appeal.

November 30, 1962.

George F. Wilsey, St. Petersburg, for appellant.

Gordon D. McCutcheon, City Attorney for Kenneth City, St. Petersburg, for appellee.

THOMAS J. COLLINS, Circuit Judge.

This is an appeal from a conviction for failure to procure an occupational license under section 12 (142) of Ordinance No. 4, Town of Kenneth City.

The defendant is employed in the business of TV repairs with his sole place of business located and licensed in the City of St. Petersburg. He was arrested and charged with the offense of failure to procure an occupational license. The defendant, at the time of his arrest, had just completed repairs upon a TV receiver located in a residence which is situate in the town of Kenneth City.

The record reflects that the defendant and his employer had undertaken to perform such services in Kenneth City at the request of residents of the town, on about six occasions per year. Under the defendant's usual procedures, television receivers are repaired at the owner's home, if possible. All parts and equipment were taken to the residence in a truck dispatched from the St. Petersburg place of business. The defendant had not procured the occupational license required by the ordinances of the town of Kenneth City for the repair of TV receivers.

The Kenneth City Charter, Special Acts of Florida, 57-1462, Section b provides that the city shall have power —

" . . . to impose license taxes upon privileges, businesses, occupations and professions carried on and engaged in within the town; and the amount of such taxes shall not be dependent upon the general revenue law."

The power of taxation inheres in a municipality only to the extent conferred by the state. City of Miami v. Kayfetz, 158 Fla. 758, 30 So.2d 521 (Fla. 1947). The power to enact the ordinance in question is therefore dependent upon the power granted in the municipality's charter.

It is generally held that the phrases "engaged in business" and "carrying on business" mean occupied in business and does not include the performance of a single disconnected business act. Supreme Malt Products Co. v. U. S., 153 Fed.2d 5 (CCA Mass.); Williams v. City of Tifton, 3 Ga. App. 445, 660 S.E. 113. The Florida rule appears to be broader than the "single act" rule, since it has been held that the power to impose an excise tax applies to a continuing series of transactions and not to isolated, casual or infrequent transactions. Asbell v. Green, 159 Fla. 702, 32 So.2d 593 (Fla. 1947).

This court is of the opinion that the phrases "carry on" and "engage in" business should be given a liberal interpretation in order to encourage and foster free commercial transactions between communities, even though they may be divided by artificial geographical lines. The performance of a number of isolated acts pertaining to a particular business does not constitute "carrying on" and "engaging in" business, so as to grant a municipality the right to require the purchase of an occupational license. Any other interpretation would result in the stifling of competition, the hampering of commercial transactions, and lead to the deterioration of free commerce between municipalities.

This court takes judicial notice of the number and proximity of the municipal corporations located in Pinellas County. It is the opinion of this court that a business licensed in one munici-

pality should not be burdened with the procurement of an occupational license and payment of the tax incident thereto in each of the many communities in the county, in situations such as this where the contact is on an infrequent basis. A contrary ruling would grant powers to the municipality, not specifically enumerated in its charter, and would tend to impede the free commerce and commercial transactions which are vital to our society.

It is therefore ordered, the conviction and sentence of the defendant, Norman Kress, is reversed. It is further ordered that the defendant and the surety upon his bond herein shall be and they hereby are discharged from any and all liability upon said bond.