Sasser *et al.* vs. McDaniel, governor.

73  547
112  460
73  547
114  739

## SASSER *et al.* vs. McDANIEL, governor.

A response to a *scire facias* issuing upon a forfeited recognizance should plainly, fully and distinctly set forth the ground of defence, and should not deal in general conclusions of law. Therefore it was insufficient for the sureties on a criminal bond to set out, in answer to a *scire facias*, that the warrant under which their principal was arrested and upon which the recognizance was founded was illegal, in that it had no affidavit sufficient in law to support it; that the warrant described no offense punishable by the laws of the state, and that the bond contained no condition for the personal appearance of the principal at the superior court of Screven county, and hence there was no breach.

(*a.*) The fact that an affidavit made as a foundation for a warrant for assault with intent to murder did not specify that the assault was made with a weapon likely to produce death did not render the warrant issued thereon invalid.

(*b.*) Where, on a proceeding to forfeit a criminal recognizance and a response filed thereto by the sureties, the case was left to the presiding judge, by agreement, to be passed upon by an inspection of "the record," and it appears that the affidavit, the warrant, the magistrate's entry thereon and the bond were all before him ; the fact that the warrant failed to mention the person on whom the assault was made did not render it invalid, where it identified the affidavit on which it was issued, and the affidavit named such person.

(*c.*) *Semble*, that it is not essential that a warrant for assault with intent to murder should name the person on whom the assault was committed, as stated in the affidavit.

(*d.*) All the papers being before the court, and it appearing from the affidavit and warrant that the crime was charged to have been committed in Screven county ; that the defendant waived a preliminary examination; that the magistrate entered this fact on the warrant, and ordered that, inasmuch as defendant had tendered certain sureties as bail on a bond conditioned for his appearance at the next term of the superior court of said Screven county to answer said charge, that he be discharged from further custody ; and it further appearing from the face of the recognizance that it was executed in that county on the same date as the order, and was taken and attested by the same officer, the bond was not rendered invalid because it required the defendant to be and appear at the next term of the superior court to answer said charge, without stating specifically in what county.

December 21, 1885.

Criminal Law. Bonds. Principal and Surety. Plead-

ings.   Warrants.   Assault with Intent to Murder.   Courts
of Inquiry.   Commitment.   Before Judge CARSWELL.
Screven Superior Court.   May Term, 1884.

George M. Zeagler made oath before Hazlehurst, J. P.,
34th district, Screven county, as follows :

"That on the 26th day of May, 1883, in said county, one Samuel
S. Sasser did unlawfully and feloniously, upon the person of said
George M. Zeagler, commit the offense of assault with intent to mur-
der, wherefore he prays a warrant do issue in terms of law."

Hazlehurst, J. P., issued his warrant as follows:

"Screven County—State of Georgia—To any lawful officer to
execute and return.

Whereas, George M. Zeagler did this day make complaint, on oath,
before me, that one Samuel S. Sasser did, in said county, on the 26th
day of May, 1883, unlawfully and feloniously commit the offense of
assault with intent to murder, wherefore he prays a warrant do issue
in terms of the law. Now these are to command you to arrest said
Samuel S. Sasser," etc.

The justice endorsed on said warrant that defend-
ant had waived examination and given Mary Sasser, F. M.
Sasser and J. B. Sasser as bail for his appearance at the
next term of the superior court, Screven county.

At November term, 1883, of said court, a *scire facias*
was issued to forfeit a bail bond of Samuel S. Sasser, as
principal, Mary Sasser, F. M. Sasser and J. B. Sasser, as
securities, which bond is headed, "Georgia, Screven
County," is for the penal sum of $700, dated 27th
May, 1883, and conditioned as follows:

"Now the condition of the above obligation is such, that whereas,
the said Samuel S. Sasser has been arrested under a warrant charg-
ing him with assault with intent to murder, now should the said
Samuel S. Sasser be and appear at the next term of the superior court
to answer to said charges, and from day to day and term to term
until discharged by said court, then this bond to be null and void,
otherwise of full force and virtue."

Defendants answered that judgment should not go
against them, or either of them, because (1) the warrant

by which defendant was arrested and on which bond was founded was illegal, in that it had no affidavit sufficient to support it; (2) the warrant described no offense punishable by the laws of the state; and (3) the bond contains no condition for appearance of the principal at the superior court of Screven county.

Counsel agreed that the judge should decide the case by an examination of the record. The judge rendered the following decision:

" After hearing argument on the within case, counsel of both sides having agreed that I shall decide the case by an examination of the record, it is ordered that the answer of defendants be stricken, and that a rule absolute be taken on said forfeited bond."

Defendants excepted.

HOBBY & MATTHEWS, by HARRISON & PEEPLES, for plaintiffs in error.

R. L. GAMBLE, solicitor general, by EDWARD HUNTER, for defendant.

HALL, Justice.

To a *scire facias*, issuing upon a forfeited recognizance and served on the defendants, the bail appeared, and showed for cause why final judgment should not be rendered against them:

(1.) That the warrant under which their principal was arrested and upon which the recognizance was founded was illegal, in that it had no affidavit sufficient in law to support it.

(2.) That the warrant " described no offense " punishable by the laws of the state.

(3.) That the bond contains no condition for the personal appearance of the principal at the superior court of Screven county, and hence its condition has never been broken.

This response is of the most general and indefinite char-

acter; it does not plainly, fully and distinctly set forth any ground of defence. As to the first ground, it admits by a negative pregnant that there was an affidavit on which the warrant issued, but denies, as a conclusion of law, that it was sufficient to support it, without specifying wherein it was insufficient, so that the court, and not the party himself, might be enabled to determine whether it was sufficient or not. So as to the second ground, that the warrant describes no offense punishable by the laws of this state; it does not take issue upon the fact that it does set forth an offense, but does not mention what the offense is it sets forth, that the court may see whether what it does set forth is an offense at all which is punishable by law. And so of the third and last ground of defence; it does not set forth what is the condition of the recognizance; that there was a condition attached is admitted negatively. Pleadings should state facts and not mere conclusions of law, and unless this is done, they are fatally defective.

This case was submitted to the judge, by consent of parties, to be passed upon by him by " an examination of the record." What the questions were to be passed upon do not distinctly appear, but after examining the record, the judge ordered the answer to be stricken, and gave final judgment on the *scire facias*, as though no cause had been shown. Neither does it properly appear, from the transcript sent to this court, that there were any other questions to be considered by the judge than those above discussed, and which we hold sufficient of themselves to require the judgment rendered. Without the bill of exceptions, we could not fairly presume that any other considerations influenced the judgment reached by the court, but from that it is apparent that the judge treated the affidavit for the warrant, the warrant itself, and the magistrate's entry thereon, as parts of the record, and permitted the defendants' counsel to point out what they alleged to be errors in each of these. The error insisted on in the affidavit for the offense of assault with intent to murder is, that it

Sasser *et al. vs.* McDaniel, governor.

failed to specify that the assault was made with a weapon likely to produce death. Without such specification we hold that the affidavit for the warrant was sufficient. Code, §4715. The objection to the warrant was, that, in reciting the affidavit, it failed to mention the person on whom the assault was made, as was done in the affidavit itself. Under the above section of the Code, it is more than doubtful whether this is essential to the validity of the warrant; but be this as it may, there was enough in the warrant to identify the affidavit on which it issued; the objection to the recognizance was that its recitals in the condition underwritten followed those in the warrant, and did not mention the court to which it was returnable. It is true that it is not as specific in these respects as it might have been, but still there is enough in these preliminary proceedings to show that no other than the term of the superior court next thereafter to be held in and for Screven county was or could have been referred to in the condition; the affidavit and warrant both charged the offense to have been committed in that county; the defendant, when arrested and brought before the magistrate, waived an examination, and thereupon the magistrate entered this fact on the warrant, and ordered that, inasmuch as he had tendered these parties as bail on a bond conditioned for his appearance at the next term of the superior court of " said (" Screven," written at the commencement of the obligation) " county, to answer said charge, that he be discharged from further custody." This order and the recognizance, which shows on its face that it was executed in that county, both bear the same date, and were taken, signed and attested by the same officer. This record, as it is termed, when taken together, effectually disposes of every objection specified to the validity of this proceeding. To reach this conclusion, there was no necessity to resort to extrinsic oral evidence. There is no doubt from the face of these papers, upon which the bail rely as evidence, that they bound themselves to have their principal present at the then next term of the supe-

rior court of Screven county, to answer to the offense of assault with intent to murder upon the person of the party named in the affidavit for the warrant.

Parties cannot be permitted to escape from their just obligations to the public, and justice be thus defrauded of its dues, by a resort to such imaginary defects in proceedings before magistrates and other subordinate officers· Such objections hardly rise to the dignity of quibbles, and are scarcely entitled to serious consideration.

Judgment affirmed.