Dolan v. McLaughlin.

---

WILLIAM H. DOLAN ET AL. V. ROSA McLAUGHLIN ET AL.

FILED NOVEMBER 19, 1895.   No. 5901.

1. **Intoxicating Liquors**: ACTION ON SALOON-KEEPERS' BONDS: INSTRUCTIONS. Where, in a petition, it was alleged, and the proofs therewith corresponded, against two licensed saloon-keep-ers and the sureties on their bonds that the surviving members of a family had been deprived of their means of support by the death of the head of the family, which death took place while such head of the family was in a deranged and stupid state, su-perinduced by periods of intoxication at intervals extending over a period of five months' time, the last of which period of

33

intoxication had been two weeks after any liquor had been sold, and that to some of the fits of intoxication the principals contributed by sales of liquor, *held*, a misleading error to instruct the jury that " where several liquor dealers furnish intoxicating liquors, the use of which results in intoxication and damage, each dealer is equally liable, and that, in case one dealer furnishes the first draught while the user thereof is perfectly sober, and the liquor which intensified and completed the intoxication was furnished by other parties, the dealer furnishing the first draught is equally liable with the others for the damage resulting from such intoxication."

2. ——— : ——— : ———. In an action for damages against licensed liquor dealers and the sureties on their bonds for loss of support caused by the death of the head of the family alleged to have been brought about by intoxicating liquors sold by such dealers, where there had been introduced evidence tending to show that at least one sale was of a liquid not intoxicating, it was erroneous to instruct the jury that, "where it is shown that the person was sold or furnished liquor at a licensed saloon, the presumption is that such liquor was intoxicating."

ERROR from the district court of Gage county. Tried below before BABCOCK, J.

The opinion contains a statement of the case.

*T. M. Marquett* and *E. N. Kauffman*, for plaintiffs in error :

The court erred in giving the tenth paragraph of the instructions asked by plaintiff. (*Elshire v. Schuyler*, 15 Neb., 561; *Ramtz v. Barnes*, 40 O. St., 45; *Emory v. Addis*, 71 Ill., 273; 3 Am. & Eng. Ency. Law, 258.)

Where several persons contribute to the intoxication and injury in a single fit of intoxication, they are jointly liable, but where the injury complained of consists of separable and well-defined individual acts, or where the injury complained of is furnishing liquors during a long period to a person in the habit of becoming intoxicated, the rule is different, and each is only liable for the injury produced by his own acts. (*Hitchner v. Ehlers*, 44 Ia., 40; *La France v.*

*Krayer*, 42 Ia., 143; *Flint v. Gauer*, 66 Ia., 696; *Ennis v. Shiley*, 47 Ia., 552; *Engleken v. Webber*, 47 Ia., 558; *Jewett v. Wanshura*, 43 Ia., 574; *Richmond v. Shickler*, 57 Ia., 486; *Kirchner v. Myers*, 35 O. St., 85.)

*G. M. Lambertson* and *F. M. Hall*, also for plaintiffs in error, contending that the tenth instruction is erroneous, cited: *Morley v. Moulton*, 45 Ill. App., 305; *Westphal v. Austin*, 41 Ill. App., 652.

*Alfred Hazlett, contra:*

The tenth instruction asked by plaintiff stated the law correctly. (*Sellars v. Foster*, 27 Neb., 127; *Roose v. Perkins*, 9 Neb., 304; *Elshire v. Schuyler*, 15 Neb., 561; *McClay v. Mangan*, 18 Neb., 44; *Wardell v. McConnell*, 23 Neb., 152; *Jones v. Bates*, 26 Neb., 693.)

Where a number of persons furnished intoxicating drink to another, and the drunkenness continued until death, and the person who took the drinks died from the effects of the drunkenness, all those furnishing liquor to produce it are liable. (*Roose v. Perkins*, 9 Neb., 304; *Wardell v. McConnell*, 23 Neb., 152; *Jones v. Bates*, 26 Neb., 693; *Greenlee v. Schoenheit*, 23 Neb., 669; *McManigal v. Seaton*, 23 Neb., 549.)

*Griggs, Rinaker & Bibb*, also for defendants in error.

RYAN, C.

This action was originally brought in the district court of Gage county by Rosa McLaughlin on her own behalf, as widow of John McLaughlin, and on behalf of the minor children of said John McLaughlin. The defendants were the members of the firm of John J. Patterson & Co. and the sureties on the bond of said firm given in compliance with the requirements of chapter 50, Compiled Statutes. Subsequently an amended petition was filed in which as defendants were added the names of William H.

Dolan as principal and J. H. Reynolds and E. P. Reynolds, Jr., as sureties on a bond of the same general nature as that originally sued upon. The manner in which the principals named caused damage to the plaintiff and her children is thus described in the amended petition. "On the 20th day of October, 1890, and on divers other days thereafter, before and up to the 23d day of March, 1891, the said John McLaughlin, now deceased, became intoxicated and continued to drink heavily, and frequently went into a fit of intoxication and drunkenness for ten days in succession, and thereby spent his time on these days in the saloons and places of business of said defendants John J. Patterson & Co. and William H. Dolan, above named, in the city of Wymore, sometimes being in the place of business of the said John J. Patterson & Co., and at other times in the place of business of the said William H. Dolan, and would frequent the business houses of the said defendants, respectively, many times during the day and days above mentioned, and during said time, and between the said dates, the said John McLaughlin was addicted to the immoderate use of intoxicating liquors; and the said defendants John J. Patterson & Co. and the said William H. Dolan, during all of said times, did sell, give, and furnish intoxicating liquors to the said John McLaughlin, to such an extent and in such quantities that the said John McLaughlin became and was, during all of said time, an habitual drunkard, and was continually in a state of intoxication, and was thereby rendered unfit to perform labor, and was unable to carry on his business and squandered his money and did not furnish these plaintiffs with any means of support, and the said John J. Patterson & Co. and William H. Dolan, above named, furnished, and continued to furnish, liquor to said John McLaughlin in such quantities so that he became intoxicated; that on the 26th day of November, 1890, the said John McLaughlin, by reason of having drank liquor in the business houses of

the said defendants above named, became beastly drunk and
wholly helpless and unable to care for himself in said in-
toxicated condition, and prior to and subsequent to said
26th day of November, 1890, by reason of said John Mc-
Laughlin having received intoxicating drinks from the
said defendants above named, was unable to transact his
business, and when the said John McLaughlin was under
the influence of such liquors as aforesaid sold to him by
said defendants John J. Patterson & Co. and William H.
Dolan, above named, became irritable and cross and at
times was almost devoid of his reason and mental faculties
and was a great source of trouble and annoyance to the
plaintiffs by reason of the said intoxicating liquor sold to
the said John McLaughlin as aforesaid, and the said de-
fendants John J. Patterson & Co. and William H. Dolan
continued to sell and furnish liquors to the said John Mc-
Laughlin while he was so intoxicated.   These plaintiffs
further say that on the 6th of April, 1891, the said John
McLaughlin, by reason of said intoxication as aforesaid,
and while in a stupid and deranged mental condition pro-
duced by said continued intoxication, died at the time last
aforesaid ; that the death of said John McLaughlin was
caused from the effects of the liquors sold, given, and fur-
nished him by the said defendants John J. Patterson & Co.
and William H. Dolan, above named, and used by the said
John McLaughlin."   Following the above quoted aver-
ments there were allegations as to the age and earning ca-
pacity of John McLaughlin, and that his widow and minor
children, by his death, had been deprived of the means of
support which, had he lived, he would have furnished them.
There was a prayer for judgment against all the defend-
ants in the sum of $5,000.   From a judgment accordingly
rendered in the sum of $4,000, upon a verdict for that
amount against all the defendants in the district court, pro-
ceedings in error have been prosecuted by William H.
Dolan and his sureties alone, all the other parties to the

suit being joined as defendants in error. It is, therefore, only incumbent upon us to consider the separate defenses made on behalf of plaintiffs in error in the district court which were, first, an admission of the execution of the bond set out in the petition, and that William H. Dolan was, from October 20, 1890, till March 23, 1891, engaged in the saloon business in Wymore; and second, a denial of each allegation contained in the amended petition, except such as had been previously admitted. There were still further averments in this answer, such as that John McLaughlin had been before his death, for a long time, an habitual drunkard, and that, in consequence, he had not contributed to the support of his family, etc. As the jury seems to have found adversely to this sort of an avoidance, not to say justification, it may be dismissed from further consideration.

As we understand the petition, the death of John McLaughlin and the subsequent loss of support of his family are the facts from which the damage is claimed to have resulted. It is true that between October 20, 1890, and March 23, 1891, various sales of intoxicating liquors to John McLaughlin were alleged to have been made, but these sales were referred to simply as contributing to his being habitually intoxicated, and perhaps therefrom resulting his diseased condition. There was no claim that between March 23, 1891, and April 6 thereafter, which latter was the day on which McLaughlin died, there had been sold to him any intoxicating liquors, nor that, in this interim, he had used such liquor. The testimony of attending physicians was that death resulted from a general breaking down of the system caused by the use of too much alcoholic stimulants, and this, as we understand it, was what was alleged in the petition.

The court instructed the jury by the tenth instruction as follows: "The court instructs the jury that where several liquor dealers furnish the intoxicating liquors, the use of

which results in intoxication and damage, that each dealer is equally liable, and that in case one dealer furnished the first draught while the user thereof was perfectly sober and the liquor which intensified and completed the intoxication was furnished by other parties, the dealer furnishing the first draught is equally liable with the others for the damage resulting from such intoxication." In a proper case the correctness of this instruction would probably be unquestioned. It, however, applied to a case wherein there may have been produced by the contributory sales of different liquor dealers a state of intoxication from, or by reason of which, directly, the damage complained of resulted. The evidence in the case at bar shows that, as early as 1881, John McLaughlin had suffered from *delirium tremens;* that with the exception of a period of about three years soon thereafter, he had habitually, up to the time of his death, indulged in frequent debauches, and that, in consequence, his general health became impaired. We cannot avoid the conclusion that, as applied to the facts of this case, both as pleaded and proved, the above instruction was probably prejudicial to the plaintiffs in error.

On the trial the proofs were that the greater part of the intoxicating liquors consumed by McLaughlin were sold to him by J. J. Patterson & Co. There were, however, a few instances as to which the testimony was that intoxicating liquors were sold to him in the saloon of William H. Dolan. This was denied by Dolan and his employes when examined as witnesses. Following this was uncontradicted testimony that, in many instances, McLaughlin had been refused whiskey, notwithstanding the fact that he urgently sought to buy and pay for it. Elias N. Whitmarsh, a witness for the plaintiff in the district court, testified that after October 20, 1890, and before 1891 [the date was not more definitely fixed], he saw John McLaughlin at the bar of William H. Dolan drink something, but whether it was water or beer he could not say. This witness said

that the glass out of which this drink was taken looked like a seltzer glass, and that the sale was by Dolan himself. James H. Clapp, one of Dolan's witnesses, testified that, in December, 1890, or January thereafter, he with others was in Dolan's saloon, and that McLaughlin came up with the rest and took something of a light color in a glass, and that when witness asked him what was the matter, McLaughlin answered: "Billy [Dolan], here, is a good boy, but he won't let me have anything but seltzer."

The third paragraph of the instructions given by the court was as follows: "The court instructs the jury that the sale of intoxicating liquors may be proven by circumstantial evidence, and where it is shown that the person was sold or furnished liquor at a licensed saloon, the presumption is that such liquor was intoxicating." Whether or not intoxicating liquors were by Dolan sold to McLaughlin, was the most seriously contested question in this case. The word "liquor" is defined by Webster: "1. Any liquid or fluid substance, as water, milk, blood, sap, juice, and the like. 2. Especially, alcoholic or spirituous fluid, either distilled or fermented;" as, brandy, wine, whiskey, beer, etc. If the witnesses, in describing what liquid had been sold to McLaughlin, had uniformly described it merely as liquor, it might be proper for the jury to assume that it was in that class specifically referred to in the second definition above given; but such was not this case. There was evidence that the liquid furnished by Dolan to McLaughlin, at least on one occasion, was seltzer, and within one of the definitions given above seltzer is clearly embraced. Under these circumstances it was erroneous to instruct the jury that whatever liquor is shown to have been sold in a licensed saloon is presumed to be intoxicating.

There are discussed other questions which need not in this proceeding be considered. The judgment of the district court as against the plaintiffs in error is

REVERSED.