## 2244. CARSWELL v. THE STATE.

1. Generally the word liquor implies intoxicating liquor, and, therefore, proof that a defendant sold "liquor" is sufficient to show, in the absence of adverse testimony, that he sold intoxicating liquor. Especially is this true where the proof further shows that it looked like rye whisky.

2. The exceptions to testimony are controlled by the decisions of this court· in Taylor v. State, 5 Ga. App. 237 (62 S. E. 1048), and Douglas v. State, 6 Ga. App. 157 (64 S. E. 490), and by the provisions of Penal Code, §§ 997, 998.

3. The evidence fully authorizes the verdict.

Accusation of sale of liquor; from·city court of Sandersville— Judge Jordan.     October 14, 1909.

Argued November 30,—Decided December 10,·1909. ·

Hardwick & Wright, for plaintiff in error.

A. W. Evans, solicitor pro tem., contra.

PowELL, J.   1.   The defendant was convicted upon an indictment charging him with the illegal sale of intoxicating liquor. The first point he makes is that the evidence is insufficient, in that the witnesses, in testifying to the sale, spoke of purchasing "liquor," but did not say that it was "intoxicating liquor."   The State's main witness said, "I bought a half-pint of liquor."   Further on in the testimony he describes the liquor he bought by saying, "it looked like rye whisky."   It is true that the word "liquor" has more than one meaning, and that in the broad sense it includes any liquid or fluid substance, such as water, milk, blood, etc., but it also has the special sense and meaning of an intoxicating beverage. The Century Dictionary, after giving the general meaning, gives also the definition, "a strong or active liquor of any sort.· Specifically—an alcoholic or spirituous liquid, either distilled or fermented; an intoxicating beverage; especially, a spirituous or distilled drink, as distinguished from fermented beverages, as wine· and beer."   Further on in this definition is cited a quotation from Shakespeare, Hamlet, v. 1. 68: "Fetch me a stoup of liquor."   It is said, in the discussion of the definition, that "the word, used absolutely, has meanings differing according to the industry in which it is used."   It will be remembered that the word was used in the· present context as relating to the prosecution for the sale of intoxicating liquors.   The witness manifestly was not speaking of milk, water, or blood; and it is not likely that any one,—judge, jury, or

counsel,—thought that he was using the word in any such general sense; and we will not attach any such factitious meaning to his language. In the case of State *v.* Brittain, 89 N. C. 574, 576, the court said that generally the term "liquor" implied spirituous liquors; and, therefore, that proof that a defendant sold liquors is sufficient to show, in the absence of adverse testimony, that he sold spirituous liquors. See also, to the same effect, Brass *v.* State, 45 Fla. 1 (34 So. 307, 308) ; Houser *v.* State, 18 Ind. 106; Dolan *v.* McLaughlin, 46 Neb. 449 (64 N. W. 1076, 1078) ; Hollender *v.* Magone, 149 U. S. 586 (13 Sup. Ct. 932, 37 L. ed. 860).

2. The witness Jim Smith had testified that he bought the liquor from the defendant at the latter's house. The State offered the testimony of another witness, Joe Harden, who had gone with the witness Smith, to the defendant's house, but had not gone in, that Jim went in and stayed a little while, and that when he came back he had some whisky, and that if he had any whisky before he went in Carswell's house, the witness did not see it. The defendant objected to this testimony, on the ground of irrelevancy, but the objection was overruled. The testimony was not without probative value, and was properly admitted. So, too, there is an objection that the court allowed still another witness to testify that he went with a girl to the defendant's house one night, and that the reason he went with her was that she told him she could buy some liquor there; that when they got there, the girl went around the back way and went in, and that she soon afterwards came out with some liquor; that he gave her fifty cents to buy the liquor with; that he gave her the money because she said she could buy some liquor there; that he did not go into the house, but that he saw the defendant as he came to the door. The objection to this testimony was on account of its irrelevancy and hearsay nature; and the objection on the latter ground went especially to so much of this witness's testimony as stated that the reason he went with the girl to the defendant's house was that she said she could buy liquor there, and to the statement that he gave her fifty cents to buy liquor with. It is not contended by the State that this testimony related to the transaction to which the other witness had testified; however, the State is not confined to one transaction under an indictment or accusation such as the one before us, but may convict the defendant by proving a different and distinct sale, made at any time during the statutory

period. That this last testimony was relevant to establish the sale at the time when the transaction took place is held by the decision in *Douglas* v. *State,* supra. That it was not in itself sufficient to make out a case would not be a good ground for excluding it at the time it was offered; the State had the right to put it in as a circumstance tending to show the defendant's guilt, and to connect it later with such other circumstances or direct proof as would make it adequate for its purpose. If, when the testimony was all in, it had been shown that the State had failed to connect it up, the point could have been made by motion to exclude or by request to charge. As to this feature of the matter see *Taylor* v. *State,* 5 *Ga. App.* 237 (62 S. E. 1048). The testimony was not objectionable on the ground that it was hearsay, for it falls directly within the provisions of section 997 of the Penal Code (Civil Code, §5176), which declares: "When, in a legal investigation, information, conversations, letters, and replies, and similar evidence, are facts to explain conduct and ascertain motives, they are admitted in evidence, not as hearsay, but as original evidence." See also the provisions of section 998 of the Penal Code (Civil Code, §5179) relating to declarations accompanying an act being a part of the res gestæ.

3. The proof of the defendant's guilt was ample, and there was no error in overruling the motion for new trial.

*Judgment affirmed.*