13853, 13878.    SHAHAN *et al.* v. HARDWICK, Governor; and *vice versa.*
</div>

BELL, J. 1. A judgment absolute was entered in Walker superior court upon the forfeiture of a criminal recognizance, headed "State of Georgia, Walker County," and requiring the principal to "be and appear at the Superior Court of 871 District G. M., at 10 o'clock ——M., on 28 day of Feb. 1921, for said county on the ————— and from day to day hereafter and until discharged by law, to answer any charge for possessing liquor that may be preferred against ————— by —————." *Held:*

(*a*) The bond sufficiently designated the court at which the principal was required to appear. *Sasser* v. *McDaniel,* 73 *Ga.* 547, 551. The reference to the militia district was surplusage. This case is unlike that of *Hardwick* v. *Shahan,* ante, 526, in that the bond in the present case designates "the Superior Court," and there it designated no court.

(*b*) Prima facie the word "liquor" implies intoxicating liquor (*Carswell*

v. *State*, 7 *Ga. App.* 198, 66 S. E. 488), and the bond sufficiently stated the offense. Ga. L. Ex. Sess. 1917, p. 8, sec. 1.

(c) The bond was sufficient to require the principal to answer to an indictment against him already pending. See, in this connection, *Smith* v. *Spencer*, 63 *Ga.* 702 (4); *Colquitt* v. *Bond*, 69 *Ga.* 351 (3); *Mason* v. *Terrell*, 3 *Ga. App.* 348 (3) (60 S. E. 4).

2. This was a motion to set aside a judgment absolute which during the same term had been rendered in a proceeding to forfeit a criminal recognizance, based upon the alleged invalidity of the bond and the inability of the principal, by reason of illness, to attend upon the court at the term when the nisi order of forfeiture was taken. The judge properly held that the bond was valid, and if the denial of the motion upon the other ground was not demanded as a matter of law, there was no abuse of discretion by the judge in rendering a judgment adversely thereto, no reason appearing for the failure to move before the judgment absolute was rendered. Furthermore, the evidence in regard to the principal's illness was in conflict.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 27, 1923.

Forfeiture of recognizance; from Walker superior court— Judge Wright. July 1, 1922.

*R. M. W. Glenn, G. E. Maddox,* for Shahan et al.

*E. S. Taylor, solicitor-general, J. F. Kelly,* contra.