## 15260.   WALKER v. THE STATE.

A conviction of the manufacture of intoxicating liquor was not authorized by the evidence.
DECIDED APRIL 15, 1924.

Indictment for manufacture of liquor; from Gwinnett superior court—Judge Russell.   December 1, 1923.

The sheriff testified: "We were called to go about five miles out where a still was reported. When we got to within 150 yards of the still two men came walking out with a lantern. We stopped and watched them, and then went and tore up a still. We found a still and some still slop. The still was warm and it appeared that they had just made a run. We found several barrels of beer. The coals under the furnace were still warm. There were some buckets, the cap, and several other things. It looked like they had made a run in the early part of the night. After we tore up the still we followed the tracks made by the men, and they led up to the house of Claud Walker [the defendant]. We went up by the

barn to the house, and McDaniel and Walker were in bed. They finally opened the door. Their clothes had mud on them and it looked like they had still slop on them. . . It was between a quarter and a half mile from the place where we first saw the men with the lantern. . . The still was warm and there were hot coals there. . . I don't swear that a run had been made there. The still was left in the furnace ready to run. When we first saw these men they were not over 50 feet from where we found the still. They were in the path coming toward us, but swerved off to the right." There was additional testimony by this witness as to the locality, the path leading to the defendant's house, etc. Testimony to the same effect was given by a deputy sheriff, who stated that he was with the sheriff when the still was discovered, that they found "the whole still there," and that "there were two barrels of beer sunk into the ground." The defendant, in his statement at the trial and by his witnesses, sought to establish an alibi. In rebuttal it was testified that a five-gallon oil can, with the top cut out, was found when the still was discovered, and that the top of the can was found at the defendant's house.

W. L. Nix, for plaintiff in error.

Pemberton Cooley, solicitor-general, contra.

BROYLES, C. J. The defendant was convicted of manufacturing whisky. The evidence failed to establish that any whisky had been made at the distillery in question, or that the beer found there by the arresting officers was intoxicating. The verdict, therefore, was unauthorized, and the overruling of the motion for a new trial was error. If the conviction had been for an attempt to manufacture whisky, another question would have been presented.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*