## 20944.  WESTON *v.* THE STATE.

BROYLES, C. J.  1. The conviction of the accused did not depend wholly upon circumstantial evidence, and the court, therefore, in the absence of an appropriate written request, did not err in failing to instruct the jury on the law of circumstantial evidence.

2. There is no merit in the contention of the accused that the State failed to prove that the liquor he was charged with possessing was intoxicating. While it is true that the only witness for the State in one part of his testimony did say that he could not swear that the liquor was intoxicating, he, later on, after swearing that he saw the defendant in possession of a gallon-jug full of liquor, and that he saw him break the jug and pour the liquor on the ground, testified as follows:  "I saw the liquor as it poured down on the ground. The liquor smelt strong. I could tell from the odor of it that it was whisky. It was shine whisky. That kind of liquor called shine is intoxicating. It is a distilled liquor and alcoholic." This court has held that "generally the word 'liquor' implies intoxicating liquor, and, therefore, proof that a defendant sold 'liquor' is sufficient to show, in the absence of adverse

testimony, that he sold intoxicating liquor." *Carswell* v. *State*, 7 *Ga. App.* 198 (66 S. E. 48); *Smith* v. *State*, 17 *Ga. App.* 118 (86 S. E. 283), and cit.

3. The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 19, 1930.

*C. W. Worrill,* for plaintiff in error.

*B. T. Castellow, solicitor-general, Bond Almand,* contra.