## 26464. SIMS v. THE STATE.

DECIDED FEBRUARY 9, 1938. REHEARING DENIED MARCH 29, 1938.

*Hugh E. Combs,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.

MACINTYRE, J. The defendant was convicted of the offense of manufacturing and distilling spirituous and alcoholic liquors. The evidence for the State disclosed that a "still" was found about one hundred yards from defendant's house with sufficient connecting circumstances to authorize an inference that it was under the control of the defendant. The officer testified that the still was not in operation at the time of the raid, "but it was hot; . . the still had live coals under it. . . The still had been in operation." It was charged in the indictment that the defendant "did unlawfully distill, manufacture, and make spirituous liquors and beverages a part of which is alcoholic," etc. The defendant pleaded not guilty to this charge. Thus the judge, jury, and counsel manifestly knew the witness was speaking of a still used to distill alcoholic liquors. The word in its present context was used as relating to a still for the manufacture of alcoholic liquors as charged in the indictment. We should not attach any factitious meaning to the word "still," as turpentine still, etc. The word "still" used in its present context implied an alcoholic liquor still, and therefore proof that the defendant operated the still, in the absence of adverse testimony, is sufficient to show that he operated an alcoholic liquor still. *Carswell* v. *State,* 7 *Ga. App.* 198 (66 S. E. 488). The case of *Walker* v. *State,* 32 *Ga. App.* 18 (122 S. E. 645) is distinguishable in that there the sheriff testified: "I don't swear that a run had been made there. The still was left in the furnace ready to run;" while here the testimony was that "the still had been operated." The verdict was authorized by the evidence; and the court did not err in overruling the motion for new trial based on the general grounds only.

*Judgment affirmed. Broyles, C. J., concurs. Guerry, J., dissents.*

GUERRY, J., dissenting. I am unable to agree to an affirmance of this case. The State's witness testified: "The still was not in operation but it was hot. . . The still had been in operation; the still had live coals under it." The evidence for the State contained no word of proof as what kind of still was found or what had been distilled therein. No whisky, and no intoxicating beer or mash, or vessels which had contained such, were found. The evidence against the defendant was merely the simple statement that a still which had been in operation was found. I am not prepared to say that this, without more, is sufficient to exclude every other reasonable hypothesis than that the still found had been used in the manufacture of spirituous and alcoholic liquors. In view of the nature of the charge against the defendant, the testimony in reference to a still undoubtedly creates a suspicion that such was its purpose and had been its use, and that it was not a turpentine still, or one used for the distillation of something other than intoxicating liquor, yet it is not sufficient to exclude every other reasonable hypothesis save his guilt.

This court, in *Carswell* v. *State, 7 Ga. App.* 198 (supra), and in *Smith* v. *State, 17 Ga. App.* 118 (86 S. E. 283) held: "Generally the word 'liquor' implies intoxicating liquor, and therefore proof that a defendant sold 'liquor' is sufficient to show, in the absence of adverse testimony, that he sold 'intoxicating liquor.'" It may be noted that among the cases cited in the *Smith* case, supra, was that of *Tompkins* v. *State, 2 Ga. App.* 639 (58 S. E. 1111), where it was held that where the purchaser calls for whisky and pays for the same as whisky it may be inferred that it was intoxicating liquor. This principle is followed in *Lewis* v. *State, 6 Ga. App.* 779 (65 S. E. 842). In the *Carswell* case, cited supra, the liquor bought and paid for "looked like rye whisky." The word "still" is defined by Webster as a "vessel, boiler, or copper used in distilling liquids." It is true that this court may take judicial cognizance that whisky is made by a still. However, we may also take judicial cognizance that a great many other products are produced on a still or by distillation. A "turpentine still" is a familiar sight to Georgians. I am unwilling to hold that proof of the bare fact that a still was found which had been operated, without a single circumstance to show what had been distilled thereon, is sufficient to remove every other reasonable hypothesis

save that it was a liquor still and had been so used. In *Walker* v. *State,* 32 *Ga. App.* 18 (122 S. E. 645), this court held that proof that a still was found which "was warm and it appeared that they had just made a run. We found several barrels of beer. The coals under the furnace were still warm. There were some buckets, the cap and several other things. . . There were two barrels of beer sunk into the ground," was insufficient to prove that any whisky had been made on it. The crime charged against the defendant was the manufacture of intoxicating liquor. No presumption arose against him, but on the other hand there was the presumption of his innocence. Proof of the charge can not be aided by the indictment and its contents. The proof in the present case was circumstantial, and to my mind was insufficient to convict the defendant.