29716.   DAVIS *v.* THE STATE.

DECIDED SEPTEMBER 21, 1942.

*Emmett Smith,* for plaintiff in error.
*Earl Staples, solicitor,* contra.

MACINTYRE, J.   The defendant was convicted of illegally possessing whisky.   His motion for new trial was overruled and he excepted.   The material part of the accusation charged that the

defendant "did unlawfully have and possess distilled spirits, liquors and whisky, which did not then and there bear the tax stamps provided by law and prescribed by the State Revenue Commissioner of said State of Georgia, and on which said liquors the tax and license fee provided by law had not been paid." The testimony was, in effect, that the defendant had and possessed five gallons of whisky in Carroll County, Georgia, and that "it [the whisky] did not have any State tax stamps on it." The defendant contended that "Certainly it would have been competent and admissible testimony to have proven in the instant case in addition to what was shown, to wit, 'It [meaning the liquor in question] did not have any tax stamps on it,' the following, to wit, 'As provided by law and prescribed by the State Revenue Commissioner of said State of Georgia.' And the very failure to produce upon the part of the State this additional testimony created a variance as between the allegations of the accusation on which defendant was tried and the testimony as produced against him. This variance was indeed and is fatal to the State's case, and, therefore, the verdict of guilty was and is not supported by the evidence, and the trial court erred in not granting a new trial therein." When the witness testified the whisky did not have any tax stamps on it, this sentence in his testimony was collective in its significance, and certainly, if the whisky did not have any tax stamps on it, the whisky did not bear "the tax stamps as provided by law and prescribed by the State Revenue Commissioner of the State of Georgia."

The defendant pleaded not guilty and went to trial on this charge. Thus the judge, the jury, and the counsel knew the witness was speaking of the absence of the tax stamps referred to in the accusation. Therefore, proof that the defendant possessed five gallons of whisky which "did not have any tax stamps on it," in the absence of adverse testimony, was sufficient to show that the whisky did not bear the stamp tax as provided by law and prescribed by the Revenue Commission of the State of Georgia as charged in the accusation. See in this connection *Sims* v. *State,* 57 *Ga. App.* 655 (196 S. E. 111); *Wilburn* v. *State,* 8 *Ga. App.* 28, 31 (68 S. E. 460).

The statement of the defendant to the officers that he had and possessed the whisky in question was corroborated by other tes-

timony, and all the evidence adduced on the trial amply authorized the verdict. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*